McKinney, J.,
delivered the opinion of the court.
This was an action of debt, in the circuit court of Williamson, brought upon a MU single by Beech & Hunter against Mayfield & Morton. At the July term, 1854, judgment was rendered for the plaintiffs, and. Mayfield alone appealed in error to this court. The irregularity of the proceedings constitutes the ground of error, upon which a reversal of the judgment is sought.
*445 Tbe summons was issued on tbe 4tb of March, 1854, returnable to tbe March term. Erom tbe sheriff’s return it appears, that tbe summons was served on tbe defendant, Mayfield, on tbe day of its issuance, to wit: 4th of March, and on tbe defendant Morton on tbe 6th of March. ..
No declaration was ever filed in tbe cause, for tbe reason, as stated at tbe bar, that the plaintiffs in pursuance of tbe act of 1811, cb. 114, §1, appeared in proper person, and conducted their suit.
No steps whatever were taken in the cause, by either party, at tbe appearance term. At tbe next ensuing term, July term, 1854, an informal and insufficient plea in abatement was filed by tbe defendants jointly, tbe allegation of which is, that tbe “summons was executed on them on tbe 4th day of March, 1854, tbe day of election of sheriff, &c., in tbe county of "Williamson, &c., while they were attending said election.” To this plea the plaintiffs replied without exception; and tbe defendants rejoined, tendering an issue to tbe country.
Tbe record shows, that at tbe same time a jury was empannelled to try tbe “issues joined,” and immediately upon this being done, tbe plaintiffs moved tbe court “to quash the plea in abatement, filed by tbe defendants,” which motion was sustained. Tbe defendants thereupon moved to non pros, tbe plaintiffs for want of a declaration; but tbe court overruled this motion. To tbe action of tbe court upon both motions, the defendants excepted.
Tbe jury then proceeded, as appears from tbe record, to “ find tbe issues joined ” in favor of tbe plaintiffs; and that a balance of tbe debt of $632 55 remained *446 unpaid, and assessed the damages to $19 50. Upon which verdict judgment was entered up for the plaintiffs.
Notwithstanding the great laxity of practice sanctioned by recent legislative enactments, the proceedings in this case cannot be sustained. It was irregular to entertain the motion to strike out the plea in abatement under the circumstances; but even if this were allowable, the jury ought to have been discharged, as there remained no issue, in the cause for them to try. The verdict, therefore, must be regarded as a nullity, and as no authority or foundation for the judgment rendered thereon.
Again: The record does not bring the plaintiffs within the act. of 1811, ch. 114. This act makes an exception to the general rule, declared by the act of 1794, ch. 1, § 26, that every plaintiff or his attorney,” in any suit, in any of the courts of this State, shall file Ms declaration in the clerk’s office within the three first days of the term to which the writ is made returnable, &c., or such suit shall be dismissed.
By the act of 1811 the plaintiff may appear in proper person, and conduct his suit, and if it be founded upon a “specialty, note, or liquidated account, signed by the parties,” a declaration is dispensed with.
This being an exception to the general rule, enough ought to appear from the record to show distinctly that the case is within the exception.
Judgment reversed, and the case remanded.